UNITED STATES DISTRICT COURT
THE SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.:

CACERES DRYWALL
CORPORATION,

    Plaintiff,

v.

AMERISURE INSURANCE
COMPANY AND AMERISURE
MUTUAL INSURANCE COMPANY

    Defendants.

## DEFENDANTS', AMERISURE INSURANCE COMPANY AND AMERISURE MUTUAL INSURANCE COMPANY, NOTICE OF REMOVAL

Petitioners/Defendants, Amerisure Insurance Company[1] and Amerisure Mutual Insurance Company, hereby give notice that the action styled: *Caceres Drywall Corporation v. Amerisure Insurance Company and Amerisure Mutual Insurance Company*, pending in the Circuit Court of the Seventeenth Judicial Circuit in and for Broward County, Florida, case № 11011927, has been removed to the United States District Court for the Southern District of Florida, and in support thereof, Defendants state:

---

[1] Amerisure Insurance Company has been incorrectly sued in this matter. Amerisure Insurance Company, as is evident from the policies attached to the Complaint, did not issue a policy to Caceres Drywall Corp. Unless Caceres Drywall Corp. is willing to voluntarily dismiss Amerisure Insurance Company from this action, Amerisure Insurance Company intends to move to dismiss itself from this action.

1

## GROUNDS FOR REMOVAL

This Court has original jurisdiction of this action under 28 U.S.C. § 1332. The action may be removed to this Court pursuant to 28 U.S.C. § 1441 and § 1446(b) for the following reasons:

### I. REMOVAL IS TIMELY AND OTHERWISE PROCEDURALLY PROPER

1. The above captioned action was commenced in the Circuit Court of the Seventeenth Judicial Circuit in and for Broward County, Florida, on or about May 24, 2011. Defendants, Amerisure Insurance Company and Amerisure Mutual Insurance Company were served with Plaintiff's Complaint through the Florida Department of Financial Services on June 8, 2011. Attached hereto as *Exhibit A* is a copy of all papers filed to date in the state court proceedings. The date of service received by Defendants is indicated on the Summons.

2. Therefore, this Notice of Removal is filed within thirty (30) days of service of the initial pleading on both Defendants, as is required by 28 U.S.C. §1446(b).

3. Both Defendants consent to removal of this action from Florida state court to federal district court in the Southern District of Florida.

### II. THE COMPLETE DIVERSITY OF CITIZENSHIP REQUIREMENT IS SATISFIED

4. Plaintiff's Complaint alleges that Plaintiff, Caceres Drywall Corporation ("Caceres" or "Plaintiff") "is a Florida corporation having its principal place of business in Miami-Dade County, Florida and doing business in Broward County, Florida." *Exhibit A*, ¶ 4.

5. Amerisure Insurance Company ("Amerisure") is a Defendant named in the state court action referred to above. Plaintiff alleges that Amerisure is a "foreign corporation having

its principal place in Farmington Hills, Michigan and authorized to do business in the State of Florida, and doing business in Broward County, Florida." *Exhibit A, ¶ 5*. Under the principles of corporate "dual citizenship," Amerisure is not a citizen of the State of Florida. *Hill v. General Motors Corporation*, 654 F. Supp. 61, 62-63 (S.D. Fla. 1987). Amerisure did not issue either of the insurance policies at issue in this litigation, and, therefore, believes it has been improperly included in this lawsuit.

6. Amerisure Mutual Insurance Company ("Amerisure Mutual") is also a Defendant named in the state court action referred to above. Plaintiff alleges that Amerisure Mutual is a "foreign corporation having its principal place in Farmington Hills, Michigan and authorized to do business in the State of Florida, and doing business in Broward County, Florida." *Exhibit A, ¶ 6*. Under the principles of corporate "dual citizenship," Amerisure Mutual is not a citizen of the State of Florida. *Id.*

7. Therefore, complete diversity of citizenship exists between the parties under 28 U.S.C. § 1332(a)(2).

### III. THE AMOUNT IN CONTROVERSY REQUIREMENT IS SATISFIED

8. This action is one in which this Court has original jurisdiction under the provisions of 28 USC § 1332(a) and is one which may be removed in accordance with said provision because it is a civil action where the matter in controversy exceeds the sum of Seventy-Five Thousand Dollars ($75,000.00) and is between citizens of different states.

9. In the instant case, Caceres seeks declaratory relief and money damages under two insurance policies: a commercial general liability insurance policy ("CGL policy"), and an

3

umbrella insurance policy ("umbrella policy"), regarding claims set forth in the underlying class action lawsuit for property damages allegedly caused by Chinese drywall. Caceres is alleging that both Defendants wrongfully denied indemnity coverage and refused to defend Caceres in the underlying class action lawsuit. *Exhibit A,* ¶¶ 25, 45, 65, 85.

10. The umbrella policy's "Schedule of Underlying Insurance" expressly designates the CGL policy as the primary coverage that must be exhausted before the coverage limits of the umbrella policy are implicated. Furthermore, the umbrella policy's "Insuring Agreement" obligates Amerisure Mutual to pay Caceres the "'ultimate net loss' in excess of "the available limits of underlying insurance scheduled within the Declarations...." Thus, the CGL's $1 million policy limit must be exhausted before any duties or obligations under the umbrella policy may be considered or imposed. Thus, a neutral reading of Plaintiff's complaint logically leads to but one conclusion – that Plaintiff is seeking in this action damages that exceed the CGL policy limits, $1 million, a figure which indisputably exceeds $75,000.

11. As such, Defendants, in good faith, believe by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional amount. Hence, the case must stay in federal court, unless it is legally certain that the controversy is worth less than the jurisdictional minimum. *See St. Paul Mercury Indemnity Co. v. Red Cab Co.*, 303 U.S. 283, 288-89, 58 S. Ct. 586, 82 L. Ed. 845 (1938); *see also Meridian Sec. Ins. Co. v. Sadowski,* 441 F.3d 536, 541 (7th Cir. 2006). By no stretch of the imagination or leap of faith can it be legally certain that the underlying defense costs and the projected indemnity costs at issue herein would be less than $75,000.

WHEREFORE, Defendants/Petitioners, AMERISURE INSURANCE COMPANY and AMERISURE MUTUAL INSURANCE COMPANY, respectfully requests that the action now pending against it in the Circuit Court in and for Broward County, Florida, be removed therefrom to this Honorable Court, and that this Court assume full jurisdiction over the cause herein as provided by law, and grant such further relief as this Court deems just and appropriate.

Respectfully submitted,

MARLOW CONNELL ABRAMS
ADLER NEWMAN & LEWIS
Attorneys for Defendant/Petitioner
4000 Ponce de Leon Blvd., Suite 570
Coral Gables, FL  33146
(305) 446-0500 - Telephone
(305) 446-3667 - Facsimile

By: /s/ Josh Levy
    FBN: 668311
    jlevy@marlowconnell.com